## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **FRED DEMBSKI,** individually, and on behalf of all others similarly situated,<br><br>_Plaintiff,_<br><br>_v._<br><br>**THE DALLAS MORNING NEWS, INC.,** a Texas company,<br><br>_Defendant._ | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Fred Dembski ("Dembski" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant The Dallas Morning News, Inc. ("Dallas Morning News" or "Defendant") to stop Dallas Morning News from violating the Telephone Consumer Protection Act by making unsolicited calls to consumers who registered their phone numbers on the National Do Not Call Registry, and to other obtain injunctive and monetary relief for all persons injured by Dallas Morning News's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1.      Dallas Morning News was founded in 1885 as a spin-off of the Galveston Daily News. By late 1991, it was the largest newspaper in the Dallas market, and maintains one of the 20 largest paid circulations in the United States.[1]

2.      Notwithstanding, Dallas Morning News has seen a considerable drop in their newspaper subscription base as consumers are turning away from print media in favor of digital

---
[1] https://en.wikipedia.org/wiki/The_Dallas_Morning_News

news media. Between 2013 and 2017, the newspaper's daily circulation has dropped from 271,189 to 214,423. Between 2013 and 2017, Sunday circulation dropped from 379,379 to 288,059, as can be seen in the chart below:



3.     Newspaper subscriptions are a vital part of Dallas Morning News' revenue stream. As a result, the company has put great emphasis on customer retention efforts while working to solicit additional subscribers through telemarketing.

4.     Unfortunately, Dallas Morning News's telemarketing efforts regularly result in repeated calls to consumers whose phone numbers are registered on the National Do Not Call Registry ("DNC"). In Plaintiff's case, Dallas Morning News's telemarketing scheme resulted in no fewer than 7 unsolicited calls to Plaintiff's landline phone, without his consent, despite Plaintiff having his phone number registered with the DNC to prevent such calls.

---

[2] https://www.statista.com/statistics/193835/average-paid-circulation-of-the-dallas-morning-news/

5.      In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited calls to consumers' telephone numbers when those telephone numbers are registered on the DNC, as well as an award of statutory damages to the members of the Class and costs.

## PARTIES

6.      Plaintiff Dembski is a Grapevine, Texas resident.

7.      Defendant Dallas Morning News is a Texas corporation headquartered in Dallas, Texas. Defendant conducts business throughout this District and the State of Texas.

## JURISDICTION AND VENUE

8.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9.      This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is incorporated and headquartered in the state of Texas, and because the wrongful conduct giving rise to this case occurred in this District. Venue is additionally proper because both Defendant and Plaintiff reside in this District and the calls were directed towards Plaintiff in this District.

## COMMON ALLEGATIONS

**Dallas Morning News Markets its Services by Making Unsolicited Calls to Consumers Without Their Consent and Regardless of Whether Their Phone Numbers Are Registered on the National Do Not Call Registry**

10.      Dallas Morning News places unsolicited calls to consumers, without consent, regardless of whether they are calling numbers that are registered on the DNC.

11.     Not surprisingly, there are numerous online complaints about Defendant's calls to consumers who never consented to be called:

- "It's the Dallas Morning News trying to get me to take the paper."[3]
- "Call constantly but never leave a message."[4]
- "Unsolicited call"[5]
- "It's the DMN looking to sign up up."[6]
- "salesperson for DMN"[7]
- "It's someone calling for subscriptions to the Dallas Morning News."[8]
- "Calls daily – annoying."[9]
- "Dallas Morning News wanting me to give them a credit card number. That'll never happen with the Dallas Morning News."[10]
- "Dallas Morning News cold call"[11]

12.     The phone calls made by, or on behalf of Dallas Morning News have caused frustration and actual harm to consumers throughout Dallas and the State of Texas.

## PLAINTIFF'S ALLEGATIONS

**Dallas Morning News Repeatedly Called Plaintiff Without His Consent, Despite Plaintiff Registering His Phone Number on the DNC**

13.     On May 18, 2018, Plaintiff registered his landline telephone number on the National Do Not Call Registry.

14.     More than 30 days after Plaintiff registering his phone number on the DNC, Plaintiff received unsolicited calls to his landline telephone number from Defendant using phone number 214-630-5097:

- July 9, 2018 at 11:54 AM

---

[3] https://800notes.com/Phone.aspx/1-972-734-5214
[4] https://800notes.com/Phone.aspx/1-214-630-5097
[5] https://www.shouldianswer.com/phone-number/2145714417
[6] https://www.shouldianswer.com/phone-number/2142998496
[7] *id*
[8] https://800notes.com/Phone.aspx/1-972-752-3463
[9] *id*
[10] https://800notes.com/Phone.aspx/1-972-848-1740
[11] https://www.shouldianswer.com/phone-number/2148174729

- July 10, 2018 at 3:22 PM

- July 11, 2018 at 3:11 PM

- July 12, 2018 at 10:44 AM and again at 5:33 PM

- July 13, 2018 at 4:22 PM

- July 18, 2018 at 4:22 PM

15.    The purpose of these calls was to promote subscription of The Dallas Morning News newspaper.  During the July 18, 2018 call, Plaintiff informed the agent that his phone number was registered with the DNC and then terminated the call.

16.    Plaintiff has not subscribed to the Dallas Morning News in approximately 20 years. The calls he received to his landline were made without consent and in violation of the DNC.

17.    Simply put, Dallas Morning News did not obtain Plaintiff's prior express written consent to place solicitous telephone call to him on his landline.

18.    The unauthorized telephone calls made by Dallas Morning News, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Dembski's use and enjoyment of his landline phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

19.    On information and belief, Defendant, or a third-party acting on its behalf, made substantively identical, repeated unsolicited calls *en masse* to the telephone numbers of hundreds or thousands of consumers who had registered their phone numbers on the DNC.  To the extent the calls were made on Defendant's behalf to consumers, Dallas Morning News provided the third-party access to its records, authorized use of its trade name, otherwise controlled the

content of the calls, and knew of, but failed to stop, the making of the calls in violation of the TCPA.

20.     Seeking redress for these injuries, Dembski, on behalf of himself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by Dallas Morning News Agents**

21.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff, or (b) Defendant did not obtain prior express written consent.

22.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or

released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

23.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

24.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> (a) whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;
>
> (b) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

25.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

26.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with

respect to the Class as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the

damages suffered by individual members of the Class will likely be small relative to the burden

and expense of individual prosecution of the complex litigation necessitated by Defendant's

actions. Thus, it would be virtually impossible for the members of the Class to obtain effective

relief from Defendant's misconduct on an individual basis. A class action provides the benefits

of single adjudication, economies of scale, and comprehensive supervision by a single court.

Economies of time, effort, and expense will be fostered and uniformity of decisions will be

ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Dembski and the Do Not Call Registry Class)**

27.     Plaintiff repeats and realleges the paragraphs 1 through 26 of this Complaint and

incorporates them by reference herein.

28.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

who has registered his or her telephone number on the national do-not-call registry of persons

who do not wish to receive telephone solicitations that is maintained by the federal government."

29.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any

person or entity making telephone solicitations or telemarketing calls to wireless telephone

numbers."[12]

30.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate

any call for telemarketing purposes to a residential telephone subscriber unless such person or

---

[12] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG
Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at
https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

31.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

32.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

33.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

34.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**JOHN DEMBSKI**, individually and on behalf of those similarly situated individuals

Dated: August 6, 2018

By:   _/s/_ Dana Opitz
Dana Opitz
3108 San Sebastian
Carrollton, Texas 75006
(682) 309-4862
danamarie15@gmail.com

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Ave. #1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
(Admitted to the Northern District of Texas)

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*\*Pro Hac Vice motion forthcoming*